UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4520

DERRICK JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-354-HNM)

Submitted: March 9, 1999

Decided: June 7, 1999

Before NIEMEYER, HAMILTON, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke F. Ahlers, Columbia, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Jamie M. Bennett, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick Jackson appeals his jury convictions for possession with intent to distribute a mixture containing quantities of heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994). In this appeal Jackson seeks to relitigate the legality of the search and seizure that resulted in his arrest. This court previously rejected his claims. See United States v. Jackson, 131 F.3d 1105 (4th Cir. 1997). The law of the case doctrine holds that both the district court and court of appeals are bound by conclusions of law made by the court of appeals in a prior appeal of the same case unless: (1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to the issue; or (3) the prior decision was clearly erroneous and would work manifest injustice. See Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988) (citing EEOC v. International Longshoremen's Assoc., 623 F.2d 1054 (5th Cir. 1980)); United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998). Because we find that Jackson fails to demonstrate any of these factors, we are obliged to follow our previous decision, and we therefore affirm his convictions.

Jackson asserts that this court's prior decision was clearly erroneous. He contends that this court failed to give proper deference to the district court's factual findings and ignored controlling precedent. Jackson's claim that this court should have deferred to the district court's finding that Deputy Henry did not immediately recognize the items that fell from the bag as drug paraphernalia is without merit.[1] Initially, this court adopted the district court's finding that the metal objects Deputy Henry observed fall out of the bag did no more than arouse his suspicion and prompt his return to the area to re-examine

_____

[1] The district court noted that after the bag fell to the floor Henry "paid no attention to the bag or its contents at this time" but "merely noted, in passing, that some metal objects had fallen, one of which was a strainer." It further stated that Deputy Henry did not immediately recognize these items as contraband, and that "at most" the items may have prompted Deputy Henry's suspicion. (JA 211-C, D, F).

2

the items. We expressly stated that "Deputy Henry did not at first appreciate the significance of [the] paraphernalia," and that it was "on his return to the wheeled cart of the basement" that he recognized the incriminating nature of the objects. Jackson, 131 F.3d at 1109. Therefore, Jackson's claim has no basis in the record.

Jackson's claim that this court erroneously found that Deputy Henry would have had to have "walked by the bag" upon leaving the basement is immaterial because this court expressly rested its holding on its determination that Deputy Henry was lawfully entitled to return to the bag and examine its spilled contents, even if this required him to make a slight detour.

Jackson next challenges the discrepancy between the district court's statement that "[t]he court cannot find that Henry did not go through the bag" and this court's finding that at no time did Henry touch or move the fallen bag or its contents. This discrepancy is also immaterial based on our holding that the plain view doctrine authorized Deputy Henry to seize the contents of the bag. Nor is there relevance to Jackson's assertion that this court's finding that Henry learned Jackson's name from Sandra Jackson conflicts with the district court's finding that the evidence was ambiguous on whether a check card from which police officers learned Derrick Jackson's name was obtained from a plain-view observation or a search. Because we found that the items observed in plain view sufficed to obtain a warrant to search the premises, knowledge of Derrick Jackson's name was not required for the warrant to issue. See United States v. Kahn, 415 U.S. 143, 155 n.15 (1974).

Jackson also maintains that this court's statement that Deputy Henry lawfully observed a scale in plain view conflicts with the district court's finding on this matter. This court ultimately held, however, that the plain-view exception to the warrant requirement authorized Deputy Henry to seize the entire contents of the bag and not just the items that had fallen out of the bag. Therefore, whether Deputy Henry saw the scale on the floor or officers later seized it from the bag is immaterial. All of the items were lawfully seized and thus formed a sufficient basis for the issuance of a search warrant. Finally, although Jackson is correct in recognizing that this court disagreed with the district court in finding that the observed items were

3

sufficient to establish probable cause, this court acted within its authority in reviewing de novo this mixed question of law and fact.

Jackson's claim we failed to follow Franks v. Delaware, 438 U.S. 154 (1978), is without merit. In Franks, the Supreme Court held that a defendant may challenge the validity of a warrant by showing that police officers set forth false or misleading statements in a warrant affidavit and that the false statements were necessary to the finding of probable cause. Id. at 155-56. Because this court held that Deputy Henry lawfully seized the drug paraphernalia he observed in plain view on the floor and inside the bag, Officer Cromwell properly listed all the paraphernalia in his warrant affidavit. Even if the affidavit had included evidence that had been obtained in a search that exceeded the scope of the legitimate plain-view seizure, that evidence would not have been essential to the finding of probable cause. Therefore, the warrant would not be subject to attack. See id.; United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994).

Jackson's assertion that the evidence adduced at his trial was substantially different from the characterization of the facts set forth in our prior decision is no more than a reiteration of his contention that this court failed to give proper deference to the district court's factual findings. Jackson does not argue that the evidence adduced at his trial differed substantially from the evidence adduced at his suppression hearing.**2** Because the evidence from the suppression hearing and trial was in substantial accord, Jackson's claim that the evidence adduced at trial differed from this court's portrayal of the facts is merely an attempt to relitigate the direct appeal of the suppression issue. Jackson is arguing that the record does not support the characterization of the facts set forth in this court's prior decision. Having already established that Jackson's attack on this court's recitation of the facts in our prior decision is insufficient to undermine the validity of that decision, his claim of "substantially different evidence" is unfounded.

Jackson's claim that this court's decision in United States v. Allen, 159 F.3d 832 (4th Cir. 1998), represents a change in relevant control-

_____

**2** We note that Deputy Henry and Officer Cromwell's testimony at Jackson's trial was consistent with their testimony from the suppression hearing.

4

ling authority is also without merit. In Allen , this court reversed the district court's denial of the defendant's motion to suppress improperly seized evidence based on this court's finding that the evidence was not rendered admissible by the inevitable discovery doctrine. Id. at 843. The decision involved an application of the inevitable discovery doctrine to a particular set of facts and did not announce new law. Citing Allen, Jackson asks this court to assume that Deputy Henry did not make a lawful plain-view seizure of the drug paraphernalia, and then argues that under those circumstances this case would be analogous to Allen because the officers would not have inevitably discovered the drug paraphernalia. The short answer to this claim is that this court found that Deputy Henry did make a legal seizure of the paraphernalia, and thus even if Allen constituted a change in controlling authority, it does not implicate the outcome of this court's prior decision.

Jackson has not met the necessary criteria for this court to make an exception to the law of the case doctrine. We therefore decline to reconsider his Fourth Amendment claim, and we affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5